UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-147 |
| MICHAEL HOLLY | SECTION "B"(5) |

### ORDER AND REASONS

Before the Court is *pro se* Petitioner Michael Holly's second Motion for Sentencing Transcript (Rec. Doc. 95). For the following reasons, the Motion is **DISMISSED** as moot and repetitive.

### FACTS AND PROCEDURAL HISTORY

*Pro se* Petitioner Michael Holly ("Holly") moves this court for a second time to provide him a free sentencing transcript. *See* Rec. Doc. 95; *see also* Rec. Doc. 93. Approximately a year and a half ago, in February 2022, Holly filed a similar Motion for Sentencing Transcript ("2022 Motion"). *See* Rec. Doc. 93. In the 2022 Motion, Holly stated he was "unable[] to pay the fees" for his sentencing transcript, but that he needed the transcript "for legal purposes on [his] appeal" because he did not recall a part of his sentence. *Id*. However, despite stating he needed his transcript for appeal purposes, Holly had not filed any post-conviction actions. *See* Rec. Doc. 94 at 5. For that reason, this Court denied Holly's 2022 Motion. *See id*. 3-5.

1

Now, like in the 2022 Motion, Holly is requesting a free sentencing transcript without any post-conviction actions pending before this Court or the United States Court of Appeal for the Fifth Circuit. *Compare* Rec. Doc. 95, *with* Rec. Doc. 93, *and* Rec. Doc. 94. As basis, he states a need to "proceed forward" with his case (perhaps filing some future, unknown post-conviction action). *See* Rec. Doc. 95.

**LAW AND ANALYSIS**

As explained in the denial of Holly's 2022 Motion, a movant is not entitled to a free sentencing transcript simply because he "needs them to formulate a claim[.]" Rec. Doc. 94 at 4 (citing *Brown v. United States*, 428 F.2d 1385, 1385 (5th Cir. 1971)). We also explained that being an indigent, without more, does not entitle a movant to a free sentencing transcript. *See id*. at 4-5 (citing *United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973). Rather, to be entitled to a free sentencing transcript, Holly would need to show that he has a "pending matter before [a] Court for which this Court could consider providing the transcripts as outlined in 28 U.S.C. § 753(f)." *United States v. Skipper*, No. CRIM.A. 93-315, 1996 WL 560353, at *1 (E.D. La. Sept. 30, 1996).[1]

Again, Holly does not have any post-conviction actions pending before this Court or before the United States Court of

---

[1] The full text of 28 U.S.C. § 753(f) was provided in our first denial of Holly's 2022 Motion. *See* Rec. Doc. 94 at 4.

Appeal for the Fifth Circuit.[2] His request is not related to any pending proceeding. Thus, just as Holly's basis for requesting his sentencing transcript in the 2022 Motion was not enough (*see* Rec. Docs. 93 and 94), his similar basis now – to "do the proper case work towards his case" and not having "any funds to pay" – is not enough. This is true even though we construe Holly's Motion liberally, as it was filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

Additionally, because Holly's instant motion is duplicative of the 2022 Motion, we must warn: Holly's *pro se* status does not relieve him from complying with relevant rules of procedural and substantive law, including avoidance of filing repetitive, vexatious, or frivolous motions. *See NCO Fin. Sys., Inc. v. Harper-Horsley*, No. CIV.A. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citations omitted). Engaging in such behavior could cause the imposition of sanctions, e.g., limitations on or losing the ability to proceed in forma pauperis. *Cf*. *Green v. Carlson*, 649 F.2d 285 (5th Cir. 1981).

---

[2] Holly also did not have any post-conviction actions pending before this Court when he filed his 2022 motion. *See* Rec. Doc. 94 at 5.

For the foregoing reasons, Holly's Motion is **DISMISSED** as moot and repetitive.

New Orleans, Louisiana, this 15th day of September, 2023

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE